**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BP PRODUCTS NORTH AMERICA, INC.,**<br>Plaintiff,<br>v.<br>**GRAND PETROLEUM, INC., et al.,**<br>Defendants. | Case No. 4:20-cv-0901- YGR<br><br>**ORDER RE: MOTIONS TO EXCLUDE**<br><br>Re: Dkt. Nos. 92, 93 |

Now before the Court are the following motions: (1) plaintiff's motion to exclude the expert opinions and testimony of Ms. Rochelle Spandorf (Dkt. No. 93); and (2) defendants' motion to exclude the expert reports of Mr. Mark C. Siebert and Ms. Susan Gruenberg. (Dkt. No. 93.) Having carefully considered the pleadings and papers submitted, and for the reasons set forth more fully below, the Court **HEREBY ORDERS** as follows: (1) plaintiff's motion to exclude the expert opinions and testimony of Ms. Spandorf is **GRANTED**; (2) defendant's motion to exclude the expert report of Ms. Gruenberg is **GRANTED AS MOOT** in light of the exclusion of Ms. Spandorf; and (3) defendant's motion to exclude the expert report of Mr. Siebert is **DENIED**.[1]

Federal Rule of Evidence 702 permits opinion testimony by an expert as long as the witness is qualified, and their opinion is relevant and reliable. An expert witness may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The proponent of expert testimony has the burden of proving admissibility in accordance with Rule 702. Fed. R. Evid. 702, Advisory Committee Notes (2000 amendments). "An expert should be permitted to

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions are appropriate for decision without oral argument.

testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable." *Perez v. Rash Curtis & Assocs.*, No. 16-cv-03396-YGR, 2019 WL 1491694, at *3 (N.D. Cal. Apr. 4, 2019) (referencing *Thompson v. Whirlpool Corp.*, No. C06-1804-JCC, 2008 WL 2063549, at *3 (W.D. Wash. 2008) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90 (1993))). The trial judge has discretion to determine reasonable measures of reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).

        Here, defendants proffer an attorney to opine on the legal meaning of terms in the agreement. Lawyers may be hired to assist counsel of record with legal briefing, but legal opinions have no place in a jury trial and usurp the role of the judge and jury. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 557 (C.D. Cal. 2014) ("regarding his opinion that ConAgra 'falsely and deceptively labeled' its products. 'False' and 'deceptive' are judicially defined terms. Accordingly, [the expert's] use of these terms constitutes the offering of an improper legal opinion that usurps the role of the court." citing cases *S.E.C. v. Leslie*, No. C 07–3444, 2010 WL 2991038, at *9 (N.D. Cal. July 29, 2010) (excluding expert's opinion because "it is for the jury to determine whether Defendants' statements in fact were misleading"); *F.T.C. v. Stefanchik*, No. C04–1852RSM, 2007 WL 4570879, at *1 (W.D. Wash. Feb. 15, 2007) (holding that expert's opinion that defendant's materials are not unfair, false, misleading or deceptive was an impermissible legal conclusion); *Wiles v. Dep't of Educ.*, Nos. 04-00442 ACK-BMK, 05-00247 ACK-BMK, 2008 WL 4225846, at *1 (D. Haw. Sept. 11, 2008) ("[W]hile an expert witness generally may give opinion testimony that embraces an ultimate issue to be decided by the trier of fact, that expert may not express a legal opinion as to the ultimate legal issue."); *In re Novatel Wireless Sec. Litig.*, No. 08cv1689 AJB (RBB), 2012 WL 5463214, at *5 (S.D. Cal. Nov. 8, 2012) ("While an expert witness may testify as to an ultimate issue of fact the jury will decide, the general rule is that an expert may not testify as to what the law is, because such testimony would impinge on the trial court's function.")).

        Other circuits also exclude such opinions as improper. *See In re Air Disaster at Lockerbie, Scotland*, 37 F.3d 804, 827 (2d Cir.1994) ("[E]xpert testimony expressing a legal conclusion

should ordinarily be excluded because such testimony is not the way in which a legal standard should be communicated to the jury."); *Jiminez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013) ("It is the role of the judge, not an expert witness, to instruct the jury on the applicable principles of law, and it is the role of the jury to apply those principles of law to the facts in evidence. As a general rule, accordingly, an expert may not offer legal opinions.").

Accordingly, the motion to exclude the opinions of Rochelle Spandorf is **GRANTED**. The rebuttal opinions of Susan Grueneberg are therefore moot and are also properly excluded on the same basis.

By contrast, defendants seek to exclude all of the opinions of the plaintiff's industry expert Mark C. Siebert. Having reviewed and considered Mr. Siebert's report, the Court finds that Mr. Siebert has sufficient expertise to opine on the matters contained therein. Ultimately, defendants' arguments relate to the weight of the opinions, not the admissibility of the testimony. *See Perez*, 2019 WL 1491694, at *3; *California v. Kinder Morgan Energy Partners, LP*, 613 Fed. Appx. 561, 564 (9th Cir. 2015) (finding that the validity of an assumption underlying an expert's opinion goes to the weight and not admissibility of that opinion); *see also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (stating that under *Daubert*, "[t]he judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable" (internal quotations omitted)).

Accordingly, the motion to exclude the opinions of Mark C. Siebert is **DENIED**.

This terminates Docket Nos. 92 and 93.

**IT IS SO ORDERED.**

Dated: September 30, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

3