# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BP PRODUCTS NORTH AMERICA INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**GRAND PETROLEUM, INC., et al.,**<br><br>Defendants,<br><br>—————————————————<br><br>**AND RELATED CROSS CLAIMS** | Case No.  4:20-cv-0901-YGR<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**Re: Dkt. Nos. 123, 128** |

Plaintiff BP Products North America Inc. ("BP") has filed a Motion for Leave to File a Motion for Reconsideration of this Court's Ruling Regarding PMPA preemption.  (Dkt. Nos. 128 ("Mot."), 123 ("Order").)  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality of conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)).  Under the local rules, a party seeking consideration must show: (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought;" (2) "[t]he emergence of new material facts or a change of law occurring after time of such order;" or (3) "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civ. L.R. 7-9(b).  A party may not repeat previously made arguments.  Civ. L. R. 7-9(c).

Here, BP refers to these standards, however, does not specifically address why the Court should reconsider its decision in light of them.  BP's request fails on several bases.  First, BP's motion misconstrues a sentence in this Court's prior order which noted that the Ninth Circuit has

held that fraud in the formation of a contract is not preempted.  The Court did not hold that a fraud in the formation theory was alleged.  Instead, the Court specifically held that "[h]ere, the material modification provisions strike at the terms that were bargained for and do not concern grounds or procedures for termination" and therefore the preemption argument did not persuade.  (Dkt. No. 123 at 8.)  Second, the Court held that BP had offered no textual analysis in support of its preemption analysis.  (*Id.*)

To repeat, the party asserting a preemption defense carries the burden.  The facts and law of the case have not changed, and BP has still not made any textual argument, not that they could procedurally having failed to do so in the first instance.  Third, BP cites to additional authority in its motion for leave.  These authorities are not new law and do not alter the Court's analysis under binding Ninth Circuit authority.  Fourth, reconsideration is unlikely to change the outcome here.  The Court held that there are triable issues of fact concerning the lawfulness of the termination under the PMPA.  BP did not demonstrate that it was entitled to summary judgment.

Accordingly, the Court **DENIES** BP's motion for leave to file a motion for reconsideration.  This terminates Docket No. 128.

**IT IS SO ORDERED.**

Dated: November 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**