ARNOLD & PORTER KAYE SCHOLER LLP
SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

GREENSFELDER, HEMKER & GALE, P.C.
David J. Simmons (Mo. Bar No. 53801) (*admitted pro hac vice*)
10 South Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile: (314) 345-5465
ds@greensfelder.com

Attorneys for Plaintiff
BP Products North America Inc.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., a Maryland corporation and successor-in-interest to BP WEST COAST PRODUCTS LLC,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GRAND PETROLEUM, INC., a California Corporation, AMIN SALKHI, an individual, BANAFSHEH S. SALKHI, an individual, ALI SALKHI, an individual, SOURI SALKHI, an individual, and AJANG SALKHI, an individual,<br><br>Defendants/Counterclaim-Plaintiffs. | Case No.: 20-cv-00901-YGR<br><br>**BP PRODUCTS NORTH AMERICA INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE LATE-DISCLOSED PICTURES OF OTHER STATIONS**<br><br>Date:<br>Time:<br>Dept.: Courtroom 1 - Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Plaintiff/Counterclaim Defendant BP Products North America Inc., successor-in-interest to BP West Coast Products LLC ("BP"), for its Motion in Limine Number 1 to Exclude Late-Disclosed Pictures of Other Stations, states as follows:

## BACKGROUND

More than 6 months after the close of discovery and on the day their exhibit list was due, the Defendants in this case produced, for the first time, 75 pictures of various ARCO-branded gasoline stations with *ampm* convenience stores.[1] None of the photos are of the two gasoline stations/convenience stores at issue in this case. During the course of discovery, Defendants previously had produced 22 pictures of various ARCO-branded gasoline stations with *ampm* convenience stores in response to two of BP's interrogatories asking Defendants to identify stations they believed did not comply with the Luminate or MOJO A program. The 75 photos produced on December 1, 2021 should be excluded as they were produced on December 1, 2021, several months after discovery closed and on the eve of trial. Further, the 75 photos produced by Defendants should be excluded because they are cumulative, irrelevant, and will do nothing but invite speculation.

## ARGUMENT

**I.      The 75 Photos Should Be Excluded Pursuant to Rule 37.**

If documents are not timely produced under Rule 26(a) (initial disclosures) or Rule 26(e) (supplemental disclosures), their admission must be substantially justified or harmless. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Fed. R. Civ. P. 26(e)(1) (After making an initial disclosure under Rule 26(a), a party must supplement its disclosure "(A) in a timely manner" if the party learns the disclosure is incomplete or incorrect and the new information is not known to the other parties; or "(B) as ordered by the court"). Defendants have offered no justification for the late production of 75 new photographs of various stations in California,

---

[1] The 75 photos are attached hereto as **Exhibit A**.

and BP certainly has not had an opportunity to conduct any discovery on the photos. BP cannot test the veracity or authenticity of the photos or present counter evidence to defend against the photos. The pretrial conference is a less than 30 days away, and the trial starts in less than 60 days. Discovery has long been closed, there is no substantial justification for the late production of the 75 new photographs, and BP will be prejudiced if Defendants are allowed to use them at trial.

## II. The 75 Photos Should Be Excluded Because They Are Cumulative, Irrelevant And Invite Speculation.

The photos without context will do nothing more than invite speculation. Grand Petroleum claims that the MOJO A and Luminate programs were "material modifications" of their franchise agreements. (Dkt. 28 at pp. 11-19.) Photos of other stations will not make any fact relating to those claims more or less probable, or help determine a fact in consequence. Thus, the photos are irrelevant to the "material modification" claims. Fed. R. Evid. 401 and 402.

With respect to Grand Petroleum's claims in Count Four regarding BP's termination of the franchises under the PMPA, the photos are not of Grand Petroleum's Los Altos or Oakland Stations, so they are not probative of whether Grand Petroleum complied with the MOJO A or Luminate programs. Further, BP anticipates that Defendants may attempt to offer the photos as proof that some stations did not have some of the Luminate or MOJO A elements. However, the photos do not provide any context as to why a particular element of either program may or may not be missing at the photographed station. For instance, if a station in a photo is missing any particular element of either program, it may be because of vandalism, or the particular municipality would not allow permitting for the element of the program (a sign, for example). Each photo of each station will have to be analyzed and investigated to determine why certain elements of the Luminate or MOJO A program are missing. Otherwise, the parties and the Court will be speculating as to what the photos show, and what inferences can be made from the photos. Moreover, BP may need to call each station owner or operator in rebuttal to contradict whatever inference Grand Petroleum wants this Court to draw from the photos. The photos, without context, will cause nothing more than speculation as to their meaning and probative value.

Finally, the 75 photographs are cumulative of the 22 photographs that Defendants already produced in the case. To the extent photographs of other stations have *any* relevance in this case—which BP disputes as set forth above—the 75 photographs offer nothing new or different from the 22 earlier photographs. Accordingly, there will be no prejudice to Defendants from excluding the late-produced photographs.

For these reasons, all photos of other stations Defendants seek to introduce for the purpose of claiming the station did not comply with MOJO A or Luminate should be excluded.

## **CONCLUSION**

WHEREFORE, BP requests the Court grant its Motion in Limine Number 1 and enter an order excluding the 75 late-produced photos of other ARCO-branded gasoline stations or *ampm*-branded convenience stores produced by Defendants, and for any further relief as the Court deems just and proper.

DATED: December 17, 2021

Respectfully submitted:

ARNOLD & PORTER KAYE SCHOLER LLP
SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400

GREENSFELDER, HEMKER & GALE, P.C.
David J. Simmons (Mo. Bar No. 53801) (*admitted pro hac vice*)
10 South Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile: (314) 345-5465
ds@greensfelder.com

By: \_\_\_/s/ David J. Simmons_____
     Attorneys for BP Products North America Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I served the foregoing, BP PRODUCTS NORTH AMERICA INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE LATE-DISCLOSED PICTURES OF OTHER STATIONS on the following persons via the email address indicated below:

Kenneth P. Roberts
Michael B. Smith
Ryan P. Tish
K.P. Roberts & Associates,
A Professional Law Corporation
6355 Topanga Canyon Blvd.
Suite 403
Woodland Hills, CA 91367-2102
kroberts@kprlawinc.com

*Attorneys for Defendants*

By:    /s/ David J. Simmons
       Attorneys for BP Products North America Inc.

*1928861*