KENNETH P. ROBERTS (SBN 74955)
MICHAEL B. SMITH (SBN 136762)
RYAN P. TISH (SBN 274284)
KEVIN Y. KANOONI (SBN 292707)
KENNETH P. ROBERTS,
A PROFESSIONAL LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 403
Woodland Hills, CA 91367
Telephone: (818) 888-3553

Attorneys for Defendants/Counterclaimants

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., a Maryland corporation and successor-in-interest to BP WEST COAST PRODUCTS LLC,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>GRAND PETROLEUM, INC., a California Corporation, AMIN SALKHI, an individual, BANAFSHEH S. SALKHI, an individual, ALI SALKHI, an individual, SOURI SALKHI, an individual, and AJANG SALKHI, an individual,<br><br>Defendants/Counter-Claimants. | Case No.: 4:20-cv-00901-YGR<br><br>Assigned To:<br>Judge Yvonne Gonzalez Rogers<br>Department 1<br>Oakland Division<br><br>DEFENDANTS' / COUNTER-CLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1<br><br>Complaint filed: February 6, 2020 |

Defendants/Counter-Claimants Grand Petroleum, Inc. ("Grand Petroleum"), Amin Salkhi ("Salkhi"), Banafsheh S. Salkhi, Ali Salkhi, Souri Salkhi and Ajang Salehi (Grand Petroleum and the individual Defendants are collectively referred to as "Defendants" or "Grand") hereby submit the following opposition to Plaintiff BP Products North America, Inc.'s Motion In Limine ("MIL(s)") No. 1 to exclude pictures of other stations.

## I. INTRODUCTION

As a preliminary matter, in light of the fact the parties have stipulated to try the matter before the Court without a jury, MIL No. 1 is inappropriate insomuch as any evidentiary issues can be addressed by the Court at the time they are presented during the parties' respective presentations.

BP's MIL No. 1 seeks to exclude evidence of pictures of other stations produced on December 1, 2021 on the grounds they were not produced in discovery. First, the December 1, 2021 photographs were photographs of ARCO and am/pm branded stations which were previously identified in discovery and no harm or prejudice can befall BP for production of supplemental photographs of stations previously identified and photographed. Second, BP argued, after the close of discovery, that "[a]s of January 15, 2020, BP's other franchisees, except one new operator, had complied with the Luminate Program." [See p. 34 of Dkt. No. 82; See also BP's SOF 104, 105 [Dkt. No. 84]]. This issue was tabled by BP until after the discovery cut-off and is being relied upon by BP in an effort to show Grand Petroleum is the *only* franchised dealer who failed to comply with Luminate (and MOJO A to the extent BP contends the same) and the photographs produced on December 1, 2021, clearly evidence that this is not true and are responsive to BP's contentions made following close of discovery. The photographs produced on December 1, 2021 are appropriate and goes to the heart of material issues in this action. Accordingly, BP's MIL No. 1 must be denied.

## II. ARGUMENT

### A. A MOTION IN LIMINE IS INAPPROPRIATE IN THE CONTEXT OF A BENCH TRIAL

A motion in limine is a motion used to preclude prejudicial or objectionable evidence before it is presented to the jury. *U.S. v. Chan*, 184 F. Supp. 2d 337, 340 (S.D. N.Y. 2002); *U.S. v. Stormer*, 938 F.2d 759, 763–64, 33 Fed. R. Evid. Serv. 625 (7th Cir. 1991). In *U.S. v. Heller*, 551 F.3d 1108 (9th Cir. 2009), the Ninth Circuit stated the following with respect to MILs being presented in a matter to be tried by the court as opposed to a jury trial:

> "The term 'in limine' means 'at the outset.' Black's Law Dictionary 803 (8th ed.2004). A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. See id. at 1038–39. In the case of a jury

trial, a court's ruling 'at the outset' gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous. It would be, in effect, "coals to Newcastle,"[1] asking the judge to rule in advance on prejudicial evidence so that the judge would not hear the evidence. For logistical and other reasons, pretrial evidentiary motions may be appropriate in some cases. But here, once the case became a bench trial, any need for an advance ruling evaporated." *Id*. at 1111-12.

District Courts in this circuit and in sister circuits have recognized that when the Court acts as the factfinder or trier, it is inappropriate and superfluous. *See Asarco LLC v. Atlantic Richfield Co.*, 2021 WL 347708 at *2 (D. Mt., Feb. 2, 2021) [threshold evidentiary rulings asked to be made by plaintiff were superfluous, citing to *Heller*]; *see also Anahuac Management v. Mazer,* 2012 WL 5828622 at *2 (D. Nev. Nov. 15, 2012) [declining to rule on plaintiff's motions in limine as being superfluous, citing to *Heller*]; *see also Parker v. BNSF Railway Company* 2012 WL 4819910 (W.D. Wash., Oct. 15, 2021) ["In the case of a bench trial, however, 'any need for an advance ruling evaporates…. (Citation omitted).'"].

Accordingly, BP's MIL No. 1 should be denied insomuch as it is superfluous now that this action is to be tried by the Court.

**B. BP's MIL NO. 1 MUST BE DENIED**

**i. The Supplemental Photographs Must Not Be Excluded**

BP has taken the position that supplemental photographs of previously identified stations by Defendants should be excluded on the grounds the photographs were produced following close of discovery, in violation of Fed. R. Civ. P. 26 and 37. BP has neither been harmed nor been prejudiced by Defendants' supplemental production. BP has known since March 2021 the identity of ARCO and am/pm branded gas stations which Defendants identified as not being in compliance with MOJO A and Luminate. Any concerns regarding veracity or authenticity can be addressed through deposition of the identified sponsors of the supplemental photographs.

---

[1] To "carry coals to Newcastle" is to do or to bring something superfluous. The idiom's origin relates to the fact that Newcastle-upon-Tyne has historically been a major coal-mining city, and the need to "carry coal" to such a city would be unnecessary. *See* Encyclopedia Britannica, https://www.britannica.com/place/Newcastle-upon-Tyne-England; *see also Anahuac Management v. Mazer*, 2012 WL 5828622 at *2, footnote 2.

Moreover, BP argued, after the close of discovery, that all franchisees (but for Grand Petroleum and a new franchisee) were in compliance with the Luminate program. Defendants' supplemental production directly addresses this material issue raised by BP. Specifically, it contradicts their position that all but one franchisee is in compliance with the Luminate program. To exclude the supplemental production would impact Defendants' defense and case-in-chief, particularly when (i) it's made a material issue by BP and (ii) the parties will be focusing there on showing the Luminate requirements were not material to the franchise relationship, rendering BP's termination of Grand Petroleum's franchises unlawful and void.

### ii. All Photographs Produced By Defendants, Including Supplemental Photographs, Are Relevant

As noted above, BP argued after close of discovery that "[a]s of January 15, 2020, BP's other franchisees, except one new operator, had complied with the Luminate Program." [See p. 34 of Dkt. No. 82; See also BP's SOF 104, 105 [Dkt. No. 84]]. This issue was tabled by BP until after the discovery cut-off and is being relied upon by BP in an effort to show Grand Petroleum is the *only* franchised dealer who failed to comply with Luminate (and MOJO A to the extent BP contends the same) and the photographs produced on December 1, 2021 clearly evidence that this is not true and are responsive to BP's contentions made following close of discovery. The photos are relevant insomuch as they directly contradict BP's contentions. The photographs do not invite speculation insomuch as the identity of the stations which were photographed is known by BP and the contents (or authenticity) of the photographs can be addressed directly through direct or cross-examination. Accordingly, BP's MIL No. 1 must be denied.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny BP's MIL No. 1 to exclude pictures of other stations.[2]

---

[2] Defendants are aware of and respect the page limitations for Motions in Limine as outlined in the Pretrial Standing Order of this Court and asks the Court's indulgence to exceed it by one (1) page for purposes of including counsel's signature line.

Dated: December 17, 2021.                K.P. ROBERTS & ASSOCIATES,
                                         A PROFESSIONAL LAW CORPORATION

                                         By: __/s/ Kevin Y. Kanooni_____
                                              Kevin Y. Kanooni
                                              Attorneys for Defendants/Counter-Claimants

DEFENDANTS'/COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this date with a copy of the foregoing document via the court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on December 17, 2021, at Woodland Hills, California.

CINDY L. HOFFMAN                           /s/ Cindy L. Hoffman
Type or Print Name                          Signature